GEORGE S. CARDONA
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
MONICA L. MILLER
Assistant United States Attorney
California State Bar No. 157695
     Room 7516 Federal Building
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-4061
     Facsimile: (213) 894-7819
     Email: monica.miller@usdoj.gov

Attorney for Defendant
U.S. Citizenship and
Immigration Services

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| POGHOS LAZARIAN,<br><br>   Plaintiff,<br><br>   v.<br><br>U.S. CITIZENSHIP & IMMIGRATION SERVICES, a Bureau of the Department of Homeland Security, and DOES 1 through 10,<br><br>   Defendants. | No. CV 07-3522 R (Ex)<br><br>[PROPOSED]<br>FINDINGS OF FACT AND CONCLUSIONS OF LAW<br><br>DATE: October 1, 2007<br>TIME: 10:00am<br>COURTROOM: Honorable<br>      Manuel L. Real |

After considering the papers in support of and in opposition to Defendant U.S. Citizenship and Immigration Services's ("USCIS") motion for summary judgment, and argument having been heard, the Court determines the following facts have been established.

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. Plaintiff is a native of Armenia. | Certified Administrative Record, ("CAR"), Part I at 238. |
| 2. On December 31, 2003 Plaintiff filed an employment-based immigrant visa petition, a Form I-140. | CAR, Part I at 238-39. |
| 3. Plaintiff's petition was based on his alleged extraordinary ability in the scientific field of theoretical physics. | CAR, Part I at 238-39. |
| 4. On April 18, 2005, the USCIS's California Service Center requested additional evidence from Plaintiff. | CAR, Part II at 26. |
| 5. Plaintiff provided the requested evidence on or about June 17, 2005. | CAR, Part I at 61-237. |
| 6. On August 25, 2005, USCIS denied Plaintiff's petition. | CAR, Part I at 52-55. |

7. On September 25, 2005, Plaintiff appealed the decision to the Administrative Appeals Office ("AAO").     CAR, Part I at 45-50.

8. On or about September 28, 2006, the AAO affirmed the denial of the petition and dismissed the appeal.     CAR, Part I at 1-13.

9. Plaintiff did not provide evidence to satisfy the regulatory criteria to allow Defendant to grant his petition.     CAR, Part I at 1-13.

Based on the foregoing Uncontroverted Facts, the Court now makes its,

## CONCLUSIONS OF LAW

1. The Court has jurisdiction pursuant to Administrative Procedure Act (5 U.S.C. §§ 702 and 706)(hereafter "APA").

2. Under the APA, a court can only set aside agency decisions that are found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law". 5 U.S.C. § 706(2)(A); <u>Family Inc. v. US Citizenship and Immigration Services</u>, 469 F. 3d. 1313, 1315 (9th Cir. 2006).

3. The standard of review is "a narrow one ... the court

2

is not empowered to substitute its judgment for that of the agency." Calexico Warehouse v. Neufeld, 259 F. Supp. 2.d 1067 (S.D. Cal. 2002) (citing Northwest Motorcycle Ass'n v. U.S. Dept. of Agric., 18 F.3d 1468 (9th Cir. 1994)).

4. An agency's factual findings are reviewed for substantial supporting evidence. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir. 1995); Tongatapu, 736 F.2d at 1309.

5. An agency's findings need be neither explicit nor well explained. A decision should be upheld even if it is "of less than ideal clarity if the agency's path may reasonably be discerned." Northwest Motorcycle Assoc., 18 F.3d at 1478 (citing Motor Vehicle Manufacturers Ass'n. v. State Farm Mutual Ins. Co., 463 U.S. 29, 43 (1983)).

6. In reviewing an agency's decision under the APA, the court should consider whether the decision was based on "a consideration of the relevant factors and whether there has been a clear error of judgment." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416, 103 S. Ct. 2856, 77 L. Ed. 2d (1983); Northwest Motorcycle Ass'n, 18 F.3d at 1471; see Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc., 419 U.S. 281, 285, 95 S. Ct. 438, 42 L. Ed. 2d 447 (1974); Tongatapu Woodcraft Hawaii Ltd. v. Feldman, 736 F.2d 1305 (9th Cir. 1984).

7. If the evidence before the agency provided a rational and ample basis for the agency's decision, then the agency action should be upheld. Northwest Motorcycle Ass'n, 18 F.3d at 1451.

8. The statute at issue in the case before the Court is the one which governs immigrants with extraordinary abilities. Section 203(b) of the Act, 8 U.S.C. § 1153(b).

9. The term "extraordinary ability" means "a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor." 8 C.F.R. § 204.5(h)(2).

10. A petition for an alien of extraordinary ability "must be accompanied by evidence that the alien has sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise." 8 C.F.R. § 204.5(h)(3).

11. The alien can meet this requirement by evidence of "a one-time achievement" defined as "a major international recognized award". 8 C.F.R. § 204.5(h)(3). Alternatively, the alien can show that he meets at least three of ten regulatory criteria. Id.

12. Plaintiff must demonstrate that he qualified for the preferential visa at the time he filed his petition in December 2003. See Matter of Katigbak, 14 I & N Dec. 4.

13. In its comprehensive opinion, AAO addressed each of the ten regulatory criteria for the visa classification and reasonably determined Plaintiff failed to satisfy any of the regulatory criteria. The opinion is detailed and contains substantial supporting evidence, and clearly satisfies the APA standard of review.

14. The AAO did not abuse its discretion or act arbitrarily or capriciously in determining that Plaintiff failed to demonstrate he received any lesser nationally or internationally recognized prizes or awards for excellence in the field of theoretical physics. 8 C.F.R. § 204.5(h)(3)(i).

15. The AAO did not abuse its discretion or act arbitrarily or capriciously in determining that Plaintiff failed to demonstrate he was a member of associations which require outstanding achievements of its members, as judged by recognized national or international experts in the field of theoretical physics. 8 C.F.R. § 204.5(h)(3)(ii).

16. The AAO did not abuse its discretion or act arbitrarily or capriciously in determining that Plaintiff failed to demonstrate he was the subject of published materials about his works in professional or major trade publications or media, relating to his work in the field of theoretical physics. 8 C.F.R. § 294.5(h)(3)(iii).

17. The AAO did not abuse its discretion or act arbitrarily or capriciously in determining that Plaintiff failed to provide evidence of his participation as a judge of the work of others in the same or an allied field. 8 C.F.R. § 204.5(h)(3)(iv).

18. The AAO did not abuse its discretion or act arbitrarily or capriciously in determining that Plaintiff failed to provide evidence of his original scientific contributions of major significance in the filed of theoretical physics. 8 C.F.R. § 204.5(h)(3)(v).

19. The AAO did not abuse its discretion or act arbitrarily or capriciously in determining that Plaintiff failed to provide evidence of his authorship of scholarly articles in the filed, in professional or major trade publications or other media. 8 C.F.R. § 204.5(h)(3)(vi).

20. The AAO did not abuse its discretion or act arbitrarily or capriciously in determining that Plaintiff failed to provide

evidence that he performed a leading or critical role for organizations or establishments that have a distinguished reputation. 8 C.F.R. § 204.5(h)(3)(viii).

21. The AAO did not abuse its discretion or act arbitrarily or capriciously in determining that Plaintiff failed to provide evidence that he commanded a high salary for his services in relation to others in the field of theoretical physics. 8 C.F.R. § 204.5(h)(3)(ix).

22. While Plaintiff appears to be a well respected, promising physicist, he is not yet of the caliber that qualifies him to be considered "one of the small percentage who has risen to the very top of the field of endeavor." 8 C.F.R. § 204.5(h)(2).

23. USCIS properly denied Plaintiff's petition, and the AAO properly upheld the decision.

24. Substantial evidence supports Defendant's decision.

DATED: Oct. 1, 2007

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

GEORGE S. CARDONA
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

_____
MONICA L. MILLER by JBK
Assistant United States Attorney

## PROOF OF SERVICE BY MAILING

I am over the age of 18 and not a party to the within action. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On August 31, 2007 served **[PROPOSED] FINDING OF FACT AND CONCLUSIONS OF LAW** on persons or entities named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business within the United States Postal Service in a sealed envelope with postage fully prepaid. Date of mailing: August 31, 2007. Place of mailing: <u>Los Angeles, California</u>.

Person(s) and/or Entity(is) To Whom Mailed

**RUBEN N. SARKISIAN**
**ATTORNEY AT LAW**
**P.O. BOX 10519**
**GLENDALE, CA 91209-3519**

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on: August 31, 2007 at Los Angeles, California.

Massey Naimiakbar